RECEIVED
JUL 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 04-60060-001 |
|---|---|---|
| | * | |
| V. | * | JUDGE DOHERTY |
| | * | |
| OBOT NELSON UDOH | * | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

The defendant, Mr. Udoh, has filed a Motion for New Trial in this matter. The motion is opposed. For the following reasons, the motion will be denied.

Rule 33 of the Federal Rules of Criminal Procedure establishes a court's authority to grant a new trial. "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The decision whether or not to grant a motion for new trial is within the discretion of the Court. As movant, the burden of persuasion rests upon the defendant.

The defendant has identified two grounds for a new trial: (a) this Court's decision to delay ruling on the Rule 29 motion for acquittal as to the anti-kickback statutes (Counts 40-44 and 46-61); and (b) this Court's decision to permit Barbara Alleman to testify as to Mr. Udoh's statements during an interview in his office in Houston, Texas. Each will be addressed separately.

This Court's issuance of a judgment of acquittal on several counts in the indictment was based upon the Government's failure to demonstrate that the venue requirement was met as to those counts. The defendant's motion for acquittal as to the money laundering counts was granted at the close of the Government's case in chief; however, as to the counts alleging violations of the anti-kickback statute, the Court granted the Government's request to delay ruling on the acquittal motion

until after the jury rendered its verdict on those claims. As this Court agreed that there was an interpretation of the relevant statute under which the Government could be deemed to have met the venue requirement and that the interest of justice argued this Court to defer its decision until after the jury reached a verdict on those counts so that the appropriate Appellate Court could review this Court's interpretation. Therefore, this Court informed both parties that it likely would grant the motion, but nonetheless deferred its ruling on the acquittal motion until after the jury had reached its verdict as to those counts.

Mr. Udoh argues that this decision created a conflict between his interest in preserving this Court's preliminary decision on the Rule 29 acquittal motion on the anti-kickback statutes and in presenting a full and complete defense on Counts 1 through 17 (the conspiracy and health care fraud counts). Specifically, he argues that his defense on the conspiracy and health care fraud counts was strongly linked to the testimony of Mr. Reaux, Mrs. Warfield, and Ms. Warfield. In order to present a full defense, he would have needed to extract more information from them concerning their activities in locations within the Western District of Louisiana; had he done so, however, he would have run the risk of overturning this Court's preliminary ruling on venue as to the anti-kickback counts. Specifically, had any evidence come to light that would have changed the venue analysis, he would have been subject to the conclusion that he had negated the venue objection.

Additionally, Mr. Udoh argues that, by submitting the anti-kickback statute counts to the jury for decision, it required the jury to consider evidence related to those counts and made a guilty verdict on the conspiracy and fraud counts more likely than they would have been in the absence of the anti-kickback statute counts. Specifically, the defense suggests that the jury was required to focus on the testimony of the Warfields and Mr. Reaux in connection with the anti-kickback

-2-

violations because their testimony was only evidence connecting Mr. Udoh to kickback-related activity. As a result of this accentuation of that testimony in the context of the anti-kickback counts, according to Mr. Udoh, the jury was more likely to focus on that same evidence in considering the conspiracy and health care fraud counts.

This Court finds Mr. Udoh's argument unpersuasive. In electing when to rule upon the Rule 29 acquittal motion as to the anti-kickback counts, this Court had the discretion to delay its ruling on the motion and did so for reasons fully set forth on the record. This Court did not believe, at that time, that such a delay resulted in an injustice and nothing Mr. Udoh has raised in his motion changes that belief. Criminal defendants as a matter of course, face strategically-conflicted decisions at trial; the response to one portion of the Government's case often is at odds with some other aspect of the defense. The mere fact that Mr. Udoh argues he was placed in a position of having to choose between perhaps eliciting testimony that would disprove an argued defense in order to address a substantive count does not mean that an injustice has been committed.

Second, Mr. Udoh suggests that this Court's decision to permit Ms. Alleman to testify as to statements made by Mr. Udoh during her interview of him is grounds for a retrial. Specifically, Mr. Udoh argues that the interview constituted an "interrogation" for constitutional purposes and, therefore, constitutional protections were triggered which precluded the Government from being able to present Ms. Alleman's testimony unless it proved that Mr. Udoh had knowingly and voluntarily waived his constitutional rights. At trial, this Court found that the interview was a voluntary interview, not an interrogation; on the basis of this finding, this court found that the constitutional protection against compelled self-incrimination and the constitutional right to counsel were not triggered by Ms. Alleman's interview with Mr. Udoh. The defense has presented nothing in the

motion for new trial which suggests that Mr. Udoh was compelled to participate in the interview, nor that this Court's characterization of the exchange was in error. As there was no action triggering Mr. Udoh's constitutional rights to counsel and to refrain from incriminating himself, his answers are not excludable under the *Miranda* doctrine.

For the foregoing reasons, the Motion for New Trial will be **DENIED**.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 21 day of July, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 7/24/06
BY: CW
TO: RFD
    C6